UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    LULA MAE WOODSON,<br>                *Debtor* | Case No. 23-30476 (AMN)<br>Chapter 13 |
| In re:<br>    ROBERT ARTIS,<br>                *Movant*<br>V.<br>    LULA MAE WOODSON,<br>                *Respondent* | Re: ECF No. 9[1] |

**MEMORANDUM OF DECISION AND ORDER
DENYING *IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4) AND DISMISSING
CHAPTER 13 CASE WITH A BAR TO REFILING THROUGH OCTOBER 31, 2024**

Before the court is Robert Artis's motion seeking *in rem* relief pursuant to 11 U.S.C. 362(d)(4) and to dismiss Lula Mae Woodson's Chapter 13 case with a two-year bar pursuant to 11 U.S.C. § 1307(c).  ECF No. 9 (the "Motion").  For the reasons that follow, *in rem* relief is denied because the real property at issue is not property of the bankruptcy estate.  Because the case was filed in bad faith, it will be dismissed with prejudice and a bar to refiling a bankruptcy case through October 31, 2024.

I.  **Introduction**

This bankruptcy case is but one of many cases concerning real property known as 216-218 Spring Street, New Haven, Connecticut (the "Property").  Lula Mae Woodson (the "Debtor") appeared for an evidentiary hearing on the Motion held on

---

[1] Unless otherwise noted, all references to the docket refer to the present matter, Case No. 23-30476.

September 28, 2023, accompanied by her son Kwame Nkrumah. The Debtor did not return after a recess on that day and the hearing was adjourned. A continued hearing proceeded on October 5, 2023, and the Movant, Movant's counsel and Mr. Nkrumah appeared. The Debtor did not attend the October 5th hearing.

## II. Relevant Procedural History and Findings of Fact

### a. Procedural History

The Debtor filed this Chapter 13 case on June 30, 2023 (the "Petition Date"). ECF No. 1. The Debtor's son, Kwame Nkrumah, holds a power of attorney granted by the Debtor, ECF No. 46, pp. 5-9, and played an active role in the proceedings before the court. Shortly after the petition was filed the Movant filed the Motion seeking *in rem* relief and dismissal.

The Movant holds an enforceable note and mortgage deed recorded against the Property. Court's Exhibit 1, ECF 86-6. Carolyn Woodson, the Debtor's daughter, originally purchased the Property in 2005, and granted the Movant a second mortgage in the amount of $55,400. ECF No. 9, p. 4; Nkrumah's Exhibit 2, ECF No. 86-4; Nkrumah's Exhibit 3, ECF No. 86-5. In 2012, Carolyn Woodson filed a Chapter 7 bankruptcy case and scheduled the Property as an asset. Case No. 12-30663, ECF No. 1, p. 8. Carolyn Woodson received a discharge in that case on July 24, 2012. Case No. 12-30663, ECF No. 14.

The Debtor here, Lula Mae Woodson, filed a prior Chapter 7 bankruptcy case, number 17-31023, in which she scheduled a one-half interest in the Property as an asset. Case No. 17-31023, ECF No. 1, p. 10. The Debtor voluntarily dismissed that case on December 22, 2017. Case No. 17-31023, ECF No. 18. Shortly thereafter, on

2

February 27, 2018, the Movant filed a foreclosure complaint in Connecticut Superior Court. *Artis v. Woodson, et al.*, Connecticut Superior Court, judicial district of New Haven, Docket No. CV-18-6078310-S ("State Court Foreclosure Case"). On August 5, 2019, while the State Court Foreclosure Case was pending, Mr. Nkrumah quitclaimed the Debtor's interest in the Property to himself using the power of attorney from the Debtor. Movant's Exhibit 1, ECF No. 86-1; Court's Exhibit 2, ECF No. 86-7; ECF No. 90, p. 15. As a result of that transfer, it appears only Mr. Nkrumah and his wife, Shannon Nkrumah, held title to the Property on the Petition Date. Court's Exhibit 2, ECF No. 86-7.

From 2018 to 2021, Mr. Nkrumah and Shannon Nkrumah filed three bankruptcy cases, scheduling the Property as an asset each time, as summarized in the following table. Each case was dismissed.

| CASE NUMBER | DATE FILED | DEBTOR | DISPOSITION |
|---|---|---|---|
| 18-31986 Chapter 13 | 12/03/2018 | Shannon Nkrumah | Dismissed on 3/29/2019 for failure to make plan payments, pursuant to 11 U.S.C. § 1307(c), ECF No. 35. |
| 19-30826 Chapter 13 | 5/22/2019 | Shannon Nkrumah | Dismissed on 10/22/2019 for failure to file a first amended Chapter 13 plan, ECF No. 28. |
| 21-30912 Chapter 11 | 11/16/2021 | Kwame Nkrumah | Dismissed on 2/16/2022 for failure to provide adequate protection pursuant to 11 U.S.C. § 1112(b), ECF No. 101. |

In the Debtor's current case, she scheduled the Property as an asset. ECF No. 1, p. 11. The Movant filed this motion for *in rem* relief and dismissal on the grounds that

the Property is actually owned by Mr. Nkrumah, and the successive filing of bankruptcies and transfers of the Property among the Debtor, her son, Mr. Nkrumah, her daughter, Carolyn Woodson, and her daughter-in-law, Shannon Nkrumah, were part of a scheme to delay, hinder, or defraud creditors (i.e., the Movant). The Chapter 13 Trustee also filed a motion to dismiss on the grounds that the Debtor failed to provide the Trustee with necessary documents and failed to complete a first meeting of creditors. ECF No. 55, pp. 1-2.

### b. State Court Foreclosure Action

The court takes judicial notice of the State Court Foreclosure Case and the October 17, 2022 judgment determining the Movant's note and mortgage to be enforceable against the Property and entering a judgment of strict foreclosure. Court's Exhibit 1, ECF No. 86-6. The court also takes judicial notice that since at least November 12, 2021, and on the Petition Date Mr. Nkrumah was the sole owner of the Property. Court's Exhibit 2, ECF No. 86-7. The Movant has not completed the Property foreclosure due to the present bankruptcy proceeding.

### c. Procedural History

During the hearings held on September 28th and October 5th, both the Movant and Mr. Nkrumah offered evidence. ECF Nos. 66, 72. The Court admitted the following documents and records into evidence:

- A quitclaim deed recorded on August 5, 2019, from Lula Mae Woodson to Kwame Nkrumah. Movant's Exhibit 1, ECF No. 86-1.

- A warranty deed transferring ownership of the Property from the Movant to Carolyn Woodson. Nkrumah's Exhibit 1, ECF No. 86-3.

- A note related to the transfer of property between the Movant and Carolyn Woodson. Nkrumah's Exhibit 2, ECF No. 86-4.

4

- A mortgage related to the transfer of property between the Movant and Carolyn Woodson.  Nkrumah's Exhibit 3, ECF No. 86-5.

- The Notice of Judgment of Strict Foreclosure from the State Court Foreclosure Case. Court's Exhibit 1, ECF No. 86-6.

- The City of New Haven Tax Assessor's field card for the Property.  Court's Exhibit 2, ECF No. 86-7.[2]

The Movant testified during the September 28, 2023, hearing that he held a note secured by a mortgage on the Property, but was never paid any amount of money by Carolyn Woodson, Mr. Nkrumah, or the Debtor.  ECF No. 90, pp. 29-31.  The Debtor had been expected to testify during the afternoon of September 28, but did not return to court after a recess.[3]

The Debtor did not appear at the hearing held October 5, 2023.[4]  Mr. Nkrumah argued the Movant has perpetrated several wide-ranging frauds, including on the Property, and the Movant was not entitled to foreclose on the Property.  ECF No. 91, pp. 15, 20-21, 36.  He questioned the Connecticut Superior Court's judgment of strict foreclosure and made apparent his intent to appeal and overturn that decision.  ECF No. 91, p. 20.  Mr. Nkrumah also stated Ms. Woodson does not live at the Property, does not own the Property, and receives no income or revenue from the Property.  ECF No. 91 at 33-36.  Mr. Nkrumah also represented to the court that his mother could "testify to the facts (sic) that she owned the property and that she told me, as the power-of-attorney, to take the property and quit claim it over to myself to protect her."  ECF No.

---

[2] This information is publicly available at https://gis.vgsi.com/newhavenct/Parcel.aspx?Pid=16301. Last accessed, October 5, 2018.
[3] It was reported to the court that the Debtor had an issue with her oxygen tank, and Court Security Officers called an ambulance. ECF No. 90, p. 95-96.
[4] The date and time of the second hearing was set after the Clerk's Office staff confirmed a date and time with the Debtor.

5

91, p. 47. Finally, Mr. Nkrumah stated that title to the Property was transferred between family members in order to prevent foreclosure and to preserve the Property for the benefit of the Debtor. ECF No. 91, p. 44.

### III. Applicable Law

#### a. Dismissal

Bankruptcy Code § 1307 governs dismissal of Chapter 13 cases, providing in part as follows:

> … (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307(c).

Subsection (c) further provides, "a non-exhaustive list of events that would be considered 'for cause.' Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted). When determining a lack of good faith, the court examines factors such as "whether the debtor was forthcoming with the court, whether the debtor accurately stated facts, debts, and expenses, whether the debtor misled the court through fraudulent misrepresentation, how the debtor's actions affect creditors, and whether the debtor has abused the purpose of the bankruptcy code." *In re Lin,* 499 B.R. 430, 435-36 (Bankr. S.D.N.Y. 2013).

While dismissal of a case is generally without prejudice, "[Section] 349(a) of the Code [gives bankruptcy courts the power], in an appropriate case, to prohibit a serial

6

filer from filing petitions for periods of time exceeding 180 days." *In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999).  Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. "Thus, if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

b. *In Rem* Relief

The Movant argues he is entitled to *in rem* relief, pursuant to 11 U.S.C. § 362(d)(4), because the Debtor engaged in serial bankruptcy filings for the sole purpose of preventing the Movant from taking title to the Property.  It is undisputed that the Debtor did not own, reside, or make money from the Property as of the petition date or thereafter.  ECF No. 73 at 33-36.  Where a debtor does not own the property at issue, the property "securing the movants' notes and mortgages is not property of the estate." *In re Feldman*, 309 B.R. 422, 428 (Bankr. E.D.N.Y. 2004).  In such cases the "Court has no *in rem* jurisdiction over the Property." *Id.*

IV. **DISCUSSION**

The court is unable to grant *in rem* relief pursuant to § 362(d)(4) of the Bankruptcy Code because the Property is not property of the estate.  It appears the filing of this case in the name of Lula Mae Woodson caused a stay of the foreclosure of the Property because Ms. Woodson is a named defendant in the State Court Foreclosure Case, although she neither owned nor resided at the Property during the

period on or after the Petition Date. Without jurisdiction over the Property, the court will not be able to grant the *in rem* relief the Movant seeks.

From the totality of the circumstances, it appears that for six years the Debtor (Ms. Lula Mae Woodson), Mr. Nkrumah, and Shannon Nkrumah transferred title to the Property amongst themselves to prevent the Movant from completing the foreclosure of the mortgage. This is precisely the type of litigation tactic Congress meant to address by enacting § 362(d)(4) of the Bankruptcy Code in 2005. The serial transfers, followed by bankruptcies, only to be followed by more bankruptcies have affected the Movant's ability to enforce his legal right to foreclosure and amount to an abuse of the Bankruptcy Code. "The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007).

The Debtor here is not seeking a fresh start, but rather relitigation of settled matters. This court has no power to revisit or overturn matters settled by the Connecticut Superior Court. "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . . [A court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *In re David X. Manners Co., Inc.*, 596 B.R. 217, 222–23 (Bankr. D. Conn. 2018) (internal quotation marks omitted).

It is clear from statements made by Mr. Nkrumah during the hearings as well as the pattern of bankruptcy filings made by Mr. Nkrumah, the Debtor, and Shannon Nkrumah, that the Debtor's filing of this case is but one of several serial bankruptcy

filings for the sole purpose of preventing the Movant from taking title to the Property. The evidence clearly supports the conclusion that this case was filed in bad faith and should be dismissed pursuant to 11 U.S.C. § 1307(c).

Because Ms. Lula Mae Woodson may be entitled to pursue a bankruptcy case in the future for reasons unrelated to the Property, should she need to file another bankruptcy case for reasons unrelated to the Property, she may move for relief from this Order based upon changed circumstances or for good cause shown.

All other arguments have been considered and determined to be without merit. Accordingly, it is hereby

**ORDERED:** The Motion, ECF No. 9, to the extent it seeks relief from automatic stay pursuant to 11 U.S.C. § 362(d)(4), is DENIED; and it is further

**ORDERED:** Robert Artis' Motion to Dismiss with a two-year bar, ECF No. 9, is GRANTED in part pursuant to 11 U.S.C. § 1307(c). The Clerk shall enter a separate order dismissing the case with a bar to filing a bankruptcy petition under any chapter of the United States Bankruptcy Code in any jurisdiction through and including October 31, 2024, pursuant to 11 U.S.C. §§ 105(a), 349. And, it is further

**ORDERED:** The Chapter 13 Trustee's Motion to Dismiss, ECF No. 55, and Objection to Debtor's Claim of Exemptions, ECF No. 51, are, respectively, DENIED and OVERRULLED as MOOT.

Dated this 26th day of October, 2023, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut